IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00603-GPG

MELVIN LEE MAYS,

    Plaintiff,

v.

DR. ALLRED, Chronic Care,

    Defendant.

---

AMENDED ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    This Amended Order was revised to reflect the date signed.

    Plaintiff, Melvin Lee Mays, is in the custody of the federal Bureau of Prisons currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. He has filed *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) challenging his medical care while he was incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Mays has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Mays is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Mays will be ordered to file an amended prisoner complaint.

Plaintiff alleges that he is asserting a " Medical Malpractice Negligence: Figure 20.1 Tort Claim" against Defendant because in August 2014, Defendant falsely diagnosed him with mild chronic kidney failure.  Plaintiff further alleges that he suffered stress and depression after he was given this diagnosis.  Plaintiff also asserts that Defendant refused to allow him to be seen by a kidney specialist.

The Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Mays fails to assert his claims in a manner that is clear and concise and allows the Court and Defendant to understand and respond to each asserted claim.

Generally, Mr. Mays fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Mays' responsibility to present his claims in a manageable and readable format that allows the Court and Defendant to know what claims are being asserted and to be able to respond to those claims. Mr. Mays must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or Defendant be required to sift through Mr. Mays' vague and conclusory allegations to determine the heart of each claim.

The Complaint also is deficient because negligent conduct does not violate the Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (stating that the Eighth Amendment is violated when a prison official acts with deliberate indifference to a substantial risk of serious harm to an inmate). In addition, "[m]edical malpractice does not become a constitutional violation

merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Mays will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states defendants and claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.  Accordingly, it is

ORDERED that Plaintiff, Melvin Lee Mays, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr.  Mays shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Mays fails to file an Amended Complaint within the time allowed, some or all of this action may be dismissed without further notice.

DATED: 15 April 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge

5